# Wytheville

JOHN M. GROSS v. W. FRANK SMYTH, JR., SUPERINTENDENT, ETC.

June 22, 1944.

Record No. 2850.

Present, All the Justices.

The opinion states the case.

*Andrew J. Ellis*, for the petitioner.

*Abram P. Staples, Attorney General*, and *M. Ray Doubles, Assistant Attorney General*, for the respondent.

CAMPBELL, C. J., delivered the opinion of the court.

This is a proceeding by a writ of *habeas corpus* awarded by this court on the 14th day of March, 1944, to John M. Gross, pursuant to the provisions of section 5865 of Michie's Code.

The petitioner alleges that he is detained without lawful authority and deprived of his liberty by W. Frank Smyth, Jr., superintendent of the Virginia State Penitentiary. The record discloses that the petition was filed personally by the petitioner, with the request that he be assigned counsel to represent him in this court. This request was granted and the court appointed to represent him Mr. Andrew J. Ellis, an eminent attorney of the Richmond City Bar.

The crux of the matter is the validity of certain orders of the Circuit Court of Nansemond county, Virginia, the Corporation Court of the city of Alexandria, Virginia, and the Circuit Court of the city of Richmond, Virginia, under which the petitioner is confined in the State penitentiary.

The order of the Circuit Court of Nansemond county, entered November 1, 1939, by which petitioner was sentenced to a term of fifteen years in the penitentiary, is challenged on the ground that it is void because it fails to recite that the plea of guilty was made in person by the petitioner. The order recites:

"This day came the Commonwealth, by its attorney, and the prisoner was led to the bar in the custody of the jailor of this county, and having been arraigned, by his attorney, plead guilty to the indictment, and with his consent and the assent of the attorney for the Commonwealth, here entered of record, the court proceeded to hear and determine the case without the intervention of a jury, and after hearing the evidence and argument of counsel the court doth find the said John M. Gross guilty. Thereupon, it was demanded of the said prisoner if there was anything he had or knew to say why the court should not now proceed to pronounce judgment against him, and nothing being offered or alleged in delay thereof, it is considered by the court that the said

John M. Gross be confined in the Penitentiary of this State for a period of fifteen (15) years * * * * ."

In *Lacey v. Palmer*, 93 Va. 159, 163, 24 S. E. 930, 57 Am. St. Rep. 795, 31 L. R. A. 822, Judge Keith, delivering the opinion of the court in a proceeding of *habeas corpus*, said:

■ "The office of the writ of *habeas corpus* is not to determine the guilt or innocence of the prisoner. The only issue which it presents is whether or not the prisoner is restrained of his liberty by due process of law.

■ "A person held under proper process to answer for an offense created by a statute enacted within the constitutional power of the Legislature cannot be discharged upon a writ of *habeas corpus*, however clear his innocence may be, but must abide his trial in the mode prescribed by law."

It is a settled doctrine that at common law, in prosecutions for felonies, a plea of guilty must be made in person by the accused. 1 Chitty Criminal Law 436.

In Virginia, the rule in regard to the plea to be entered is found in section 4023, Code of 1904, and in Code section 4900, Michie's Code. That section provides "that upon a plea of guilty, tendered in person by the accused, and with the consent of the attorney for the Commonwealth, entered of record, the court shall hear and determine the case without the intervention of a jury * * .."

■ The language employed in the statute is the identical language employed in Article 1, section 8, of the Virginia Constitution of 1902. In the year 1928 the Constitution of 1902 was amended and section 8 of Article 1 was re-written so that it now reads: "In criminal cases, the accused may plead guilty * * * ." It is, therefore, apparent that there is no prescribed constitutional requirement that the plea of guilty must be made in person. As the statute has not been amended since the revision of the Constitution in 1928, there is a statutory requirement that the plea of guilty must be entered in person. This requirement has been upheld in a long line of decisions. See annotation to *Sperry v. Commonwealth*, 9 Leigh (36 Va.) 623, 33 Am. Dec. 261.

It is most significant, however, that the question of the plea has only been raised upon a writ of error and not, until now, in a *habeas corpus* proceeding.

Whenever it appears, as it does in the case at bar, that every constitutional right of an accused has been preserved, he will not be permitted to substitute the writ of *habeas corpus* for a writ of error to test the validity of a purely statutory requirement. If the accused, who was represented by able counsel and tried by a most eminent judge, felt aggrieved by the action taken, it was his right and duty to have the alleged error corrected by writ of error, as provided by statute.

It is beyond question that the trial court had jurisdiction of the case. The fact that the accused was accorded a fair and impartial trial is not controverted. While it is true that there are constitutional rights which an accused cannot waive, it does not follow that he will be estopped from waiving a purely statutory requirement.

In *United States* v. *Denniston*, 89 F. (2d) 696, 110 A. L. R. 1296 (*certiorari* denied), this is said:

"If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. * * * ."

Especially should this rule prevail when it appears, without contradiction, that the petitioner, upon his allocution, offered no reason in delay of the pronouncement of judgment.

In *Sanderlin* v. *Smyth*, 138 F. (2d) 729, 731, Judge Parker said: "The writ of *habeas corpus* may not be used in such cases as an appeal or writ of error to review proceedings in the state court.

\* \* \* \* \* \* \*

"The writ of *habeas corpus* may be issued by a Federal court or judge in cases where petitioner is imprisoned under the judgment of a state court only if it is made to appear, (1) that there has been such gross violation of constitutional rights as to deny the substance of a fair trial because of ignorance, duress or other reason for which he should not be held responsible, (2) that he has exhausted his remedies under state law and (3) that no adequate remedy is available to him under state law, either because state procedure does not provide adequate corrective process or because there are exceptional circumstances, * * * ."

As heretofore stated, petitioner was afforded ample opportunity for a writ of error to test the legality of his conviction. This he failed to do and it is now too late for him to seek release from confinement by means of a writ of *habeas corpus.*

The further claim that the order of the Corporation Court of the city of Alexandria entered January 10, 1940, by which the petitioner and Robert Hendrick, a joint defendant, were sentenced to a term of ten years in the penitentiary for kidnapping, is void because it fails to recite that the pleas of guilty were tendered severally by the joint defendants, is without merit.

The order entered by the Corporation Court reads in part:

"This day came the Attorney for the Commonwealth and the prisoners appeared in court in custody of the jailor, were arraigned and entered a plea of guilty, whereupon the court heard and determined the case without the intervention of a jury, and with the consent of the attorney for the Commonwealth, fixed their punishment at ten years each in the State Penitentiary, to run consecutively."

This language is so plain it needs no construction.

The petitioner further claims that the order of the Circuit Court of the city of Richmond, entered March 18, 1942, by which he was sentenced to serve one year in the penitentiary for an escape, is void because he was not in lawful custody at the time of the alleged escape. The record

shows that petitioner plead guilty to the indictment upon his arraignment and the case was heard by the court.

Since we are of opinion that petitioner was in lawful custody at the time of his conviction, there is no merit in his contention.

For the reasons stated, the prayer of the petitioner must be denied.

*Discharge refused.*