# Richmond

## John Thornhill v. W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary.

January 13, 1947.

Record No. 3195.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *M. Ray Doubles, Assistant Attorney General,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This writ of error was awarded to John Thornhill to review a judgment of the lower court dismissing his petition for a writ of *habeas corpus,* and ordering his remand to the custody of W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary.

The petitioner, John Thornhill, was indicted for rape at the October, 1944, term of the Circuit Court of Henry county. At his trial on October 12, 1944, he was represented by counsel of his own choosing, Irvin W. Cubine. Mr. Cubine, after several full and free consultations with his client, advised him to waive a trial by jury. Thornhill fully acquiesced in and accepted that advice, and thereupon, in his own person, pleaded "not guilty" and waived a trial by jury.

Thornhill was found guilty. The pertinent part of the final judgment order in the trial reads as follows:

"This day again came the attorney for the Commonwealth and the defendant appeared in court in his own proper person was thereof arraigned plead not guilty to the indictment, and a trial by jury being waived by the defendant in person, and with the consent of the defendant tendered in person the attorney for the Commonwealth and the Court, the Court proceeding to hear and determine this cause without the intervention of a jury, after hearing the evidence and argument of counsel doth find the prisoner guilty of Attempted Rape and fixed his punishment at Twenty years in the Penitentiary, * * * ."

The petitioner contends that, under Virginia Code, 1942 (Michie), section 4776, the exercise of his right to be ad-

vised by counsel, prior to his waiver of a trial by jury, was a prerequisite to the jurisdiction of the trial court over the proceedings. The validity of his commitment is attacked on the ground that the judgment order does not affirmatively show that the petitioner consented to a trial without a jury, "after being advised by counsel," and that, consequently, the record does not show the jurisdiction of the court.

The single question for our determination is whether it is a jurisdictional prerequisite to the validity of a conviction of a felony that the record of the trial court affirmatively show that an accused, who has pleaded not guilty and waived a trial by jury, did so "after being advised by counsel."

Paragraph 3 of Article I, section 8, of the Constitution of Virginia, reads as follows:

"In criminal cases, the accused may plead guilty; and, if the accused plead not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record, he may be tried by a smaller number of jurors, or waive a jury. In case of such waiver, or plea of guilty, the court shall try the case."

Virginia Code, 1942 (Michie), section 4776, reads as follows:

"No person shall be convicted of felony, unless by his confession of guilt in court, or by his plea, or by the verdict of a jury, accepted and recorded by the court. One accused of a felony may plead not guilty and, with his consent after being advised by counsel, which counsel shall be appointed for him by the court in all cases where he has no counsel of his own choosing and the concurrence of the attorney for the Commonwealth and of the court entered of record, he may waive a jury; in case of such waiver, or a plea of guilty, the court shall try the case."

In the constitutional provision nothing is said about counsel or the advice of counsel as a prerequisite to waiver of trial by jury. Prior to 1940 there was no such statutory provision in Virginia.

Virginia Code, section 4776, was amended in 1940 (Acts 1940, page 345), when there was added the last sentence to

the section, which, except as to the appointment and advice of counsel, follows closely the language of the Constitution above quoted.

The 1940 amendment of section 4776 creates only a statutory right involving trial procedure, a violation of which would be subject only to direct attack and not by a collateral attack in a *habeas corpus* proceeding. Nothing is said about the manner in which the advice of counsel may be evidenced. The advice of counsel is to enable an accused to appraise his chances as between judge and jury. He is not forced to follow the advice given him. He may, contrary to such advice, follow a course directed by his own reasoning. Nothing is said as to how this may be evidenced. It is the consent of the accused. to a waiver of a jury trial that must be shown by the record.

The principles applied in *Gross v. Smyth*, 182 Va. 724, 30 S. E. (2d) 570, are applicable here. In that case the record failed to show that a plea of guilty to an indictment charging a felony had been "tendered in person," as required by Virginia Code, 1942 (Michie), section 4900. In holding that the manner of plea was not jurisdictional, because not required by the Constitution to be made in person, we said:

"Whenever it appears, as it does in the case at bar, that every constitutional right of an accused has been preserved, he will not be permitted to substitute the writ of *habeas corpus* for a writ of error to test the validity of a purely statutory requirement. If the accused, who was represented by able counsel and tried by a most eminent judge, felt aggrieved by the action taken, it was his right and duty to have the alleged error corrected by a writ of error, as provided by statute.

"It is beyond question that the trial court had jurisdiction of the case. The fact that the accused was accorded a fair and impartial trial is not controverted. While it is true that there are constitutional rights which an accused cannot waive, it does not follow that he will be estopped from waiving a purely statutory requirement."

In *Hanson v. Smyth*, 183 Va. 384, 32 S. E. (2d) 142,

we held that the failure of the record to show affirmatively that an indictment had been returned into the court by a grand jury, even though an indictment was required under our statute, was an irregularity or defect which could be attacked only directly by an appeal from the judgment of conviction.

Pointing out that our Constitution does not require indictments for such prosecutions, it was then said:

"Since the statutory requirement for an indictment in the present case is not jurisdictional, the failure of the record to show affirmatively that the indictment was returned into court by the grand jury is not such a defect as will render null and void the judgment of conviction based thereon."

Paragraph 3 of section 8, Article I of our Constitution is "self-executing." It contains no provision that all of the statutes relating to the conduct of a trial are to be construed as incorporated into the Constitution, and thereby made jurisdictional provisions.

A writ of *habeas corpus* will not be permitted to perform the function of a writ of error or appeal for the purpose of reviewing mere errors or irregularities in a court having jurisdiction over the person and the subject matter. Here the Circuit Court of Henry county had such jurisdiction. The right of the petitioner to the advice of counsel is conferred only by statute, and is not thereby made a jurisdictional prerequisite. The exercise of the right, therefore, is not required to be affirmatively shown on the record.

The judgment of the trial court is affirmed.

*Affirmed.*