# Richmond

ARTHUR WILLIAM FITZGERALD v. W. FRANK SMYTH, JR., SUPER-
INTENDENT OF VIRGINIA STATE PENITENTIARY.

March 9, 1953.

Record No. 4070.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Smith and Whittle, J.J.

The opinion states the case.

*W. A. Hall, Jr.,* for plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On October 18, 1944, petitioner, Arthur William Fitzgerald, a convict in the State Penitentiary of Virginia, was tried and convicted in the Circuit Court of the City of Richmond, upon an information which charged that he had been convicted of a felony on three previous occasions, and in each instance sentenced to confinement therefor in the penitentiary. A sentence to further confinement in the penitentiary for a term of ten years, to begin at the end of his present term of confinement was imposed on him. Code of Virginia, 1942, (Michie) sec. 5054, now Code of Virginia, 1950, sec. 53-296.

On September 26, 1951, petitioner instituted this proceeding by filing a petition in the Circuit Court of the City of Richmond for a writ of *habeas corpus,* seeking his discharge from the custody of the respondent, W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary. He alleged that his detention by the respondent was illegal, because each of the three convictions upon which his recidivist sentence was based was null and void and without due legal process. The Circuit Court of the City of Richmond awarded the writ, and ordered it returnable to the Circuit Court of Augusta County for hearing.

On January 25, 1952, hearing was had in the Circuit Court of Augusta County, and that court, after considering the evidence and the argument of counsel, subsequently entered an order dismissing the writ and remanding the petitioner to the custody of the respondent. We granted writ of error.

The record discloses that petitioner, prior to his conviction as a recidivist, had been convicted three times in the courts of this State, as follows:

(1) On February 24, 1936, in the Circuit Court of Augusta County on an indictment for grand larceny, and sentenced to four years in the penitentiary.

(2) On June 1, 1942, in the Corporation Court of the City of Lynchburg, upon an indictment containing two counts, one charging the forgery of a check for $10.25 and the other charg-

ing the uttering of the forged instrument, and sentenced to two years in the penitentiary.

(3) On August 16, 1944, in the Circuit Court of Amherst County, upon an indictment containing two counts, one charging the forgery of a check for $19.95, and the other charging the uttering of the forged instrument, and a sentence of three years imposed.

Petitioner contends that the judgments of February 24, 1936, and August 16, 1944, are void because of the failure of the trial court in each instance to afford him counsel, which failure constituted a denial of a right guaranteed him under the due process clause of the Fourteenth Amendment of the Federal Constitution; that the judgment of June 1, 1942, was in violation of his constitutional rights because counsel assigned to him by the trial court did not appear at his trial; and that consequently his conviction as a third offender is invalid, null and void.

■ The indictment upon which petitioner was convicted on February 24, 1936, charged him with the grand larceny of an automobile. The judgment and sentence thereon were entered as follows:

"This day came the Attorney for the Commonwealth and the defendant was led to the bar of the Court in custody of the Sheriff of this County, and being arraigned the said defendant acknowledged himself to be guilty of grand larceny as charged in the indictment in this case. Whereupon, the Court proceeded to hear and determine this case without the intervention of a jury. Upon consideration whereof, it is considered and ordered by the Court that the said defendant be delivered by the Sheriff of this County to the Superintendent of the Penitentiary of this State, and by said Superintendent received into said penitentiary to be confined therein and treated and dealt with according to law for the term of four years."

Petitioner was not represented by counsel in that proceeding. He asserts that by reason of his youth and ignorance he was incapable of understanding the nature of the charge against him, or of determining the effect of a plea of guilty, and consequently was unable adequately to represent himself. He testified in this proceeding that he, together with several other boys, merely took the automobile for a ride; that he was then only nineteen and one-half years of age and had not advanced further than the sixth grade in school; that he thought he was

charged only with the unauthorized use of the car; that he did not know he had the right to have counsel assigned to him, nor did he have funds to secure counsel; and that he received no advice from the trial judge with reference to the effect of a plea of guilty.

He admitted, however, that he did not, at that time, think it necessary to request the court to assign counsel to him; that when he was arrested on the warrant charging him with the theft of the automobile, his family accompanied him to the preliminary hearing before the trial justice and likewise appeared in court on the trial of the indictment; that he discussed the question of obtaining a lawyer with his father and they decided not to employ counsel, and no request was made therefor; that he was familiar with court proceedings; that prior to his trial, he had been twice tried and convicted for forgery and given a punishment of six months for each offense by the Circuit Court of Augusta County, the service of each sentence being suspended by the trial judge; that about three years prior to 1936, he had been charged with the theft of an automobile, and, after trial, committed to a reform school; and that he had been convicted of numerous charges of drunkenness and his family had paid the fines imposed on him.

The respondent was unable to prove in detail what took place at the trial more than fifteen years ago. The trial judge died July 31, 1940. However, W. C. Drumheller, Chief of Police of the City of Waynesboro, and a police officer since 1932, testified that he served upon petitioner the warrant which specifically charged him with the larceny of the automobile; that he was present at the preliminary hearing before the trial justice and at the trial in the circuit court; that the warrant and the indictment were in each instance read to the petitioner; that petitioner personally waived a jury and pleaded guilty; and that it had always been "customary" for the Circuit Court of Augusta County to appoint an attorney to represent defendants if they desired counsel, but were themselves unable to procure legal aid.

Earl McF. Taylor, a practicing attorney at the Augusta County bar, who was deputy clerk of that county in charge of the court records in 1935 and 1936, said it was the "practice" of the Circuit Court of that County to inquire of an accused whether or not he had or wanted counsel, whether he fully understood the nature of the offense with which he was charged,

and desired to have his case heard by a jury, or by the court without a jury, explaining the various reasons therefor.

It is manifest that petitioner, as a young man, had led quite a wayward life, and had had considerable experience with court procedure. His evidence shows that in 1936 he knew the difference between the consequence attached to the theft of an automobile and that attached to a mere unauthorized use thereof.

No objection was made to the judgment of the court and no writ of error was prosecuted. Petitioner has waited more than fifteen years to attack the sufficiency of the evidence to support his conviction of grand larceny. The record shows that he "acknowledged himself to be guilty of grand larceny as charged in the indictment," a complete confession of guilt. In view of his admissions and the record, it is too late to assert that he was tried for any offense save that of grand larceny. He has not borne the burden of showing that the lack of counsel worked to his disadvantage, or that his trial was attended with an ingredient of unfairness. The circumstances produce a conclusive presumption to the contrary effect.

In 1936, neither the Constitution nor the statutes of Virginia specifically required a court to assign counsel to represent an accused. Prior to 1940, there was no statutory provision with reference to the appointment of counsel or the advice of counsel as a prerequisite to waiver of trial by jury. *Thornhill* v. *Smyth,* 185 Va. 986, 41 S. E. 2d 11.

In *Thornhill* v. *Smyth, supra,* we held, in determining whether it was necessary to the validity of a conviction for a felony, that the record of the trial court affirmatively show that an accused, who had pleaded not guilty and waived a trial by jury, did so "after being advised by counsel," that the 1940 amendment of §4776, Code of Virginia, 1942 (Michie), "creates only a statutory right involving trial procedure, a violation of which would be subject only to direct attack and not by a collateral attack in a *habeas corpus* proceeding." (185 Va. at page 988). Nor is *habeas corpus* available to secure a judicial determination of the sufficiency of the evidence. Nor can it be used as a substitute for a writ of error or appeal.

Virginia Code, 1942 (Michie) § 4776, in effect in 1936, reads as follows:

"No person shall be convicted of felony, unless by his con-

fession of guilt in court, or by his plea, or by the verdict of a jury, accepted and recorded by the court."

Virginia Code, 1936, (Michie) §4900*, further provides, in part, that "upon a plea of guilty, tendered in person by the accused, and with the consent of the Commonwealth entered of record, the court shall hear and determine the case without the intervention of a jury."

In *Stonebreaker* v. *Smyth*, 187 Va. 250, 256, 46 S. E. 2d 406, we said:

"There is no express mandate either in the Constitution or the statutes of Virginia requiring the court to appoint counsel for one accused of crime, except upon conditions defined in Code, section 4776, amended, 1940 Acts, 345," now § 19-167 of Virginia Code, 1950.

Further, in 187 Va. at page 257, this is said:

"The right of a person charged with a criminal offense to have the aid of counsel in his defense has always been held to be a privilege which he may or may not exercise. In the absence of unusual circumstances no invasion of this right is established unless a request appears to have been made and refused. A plea of guilty, intelligently and voluntarily made in open court, ordinarily is regared as a waiver of a right to have the aid of counsel." (Cases cited.)

"The short of the matter is that an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." *Adams* v. *United States*, 317 U. S. 269, 275, 63 S. Ct. Rep. 236, 240. See also *Watkins* v. *Com.*, 174 Va. 518, 6 S. E. 2d 670.

Here petitioner acknowledged his guilt and followed the guidance of his father and family rather than that of a lawyer in choosing to have his fate tried before a judge without a jury. This he had a right to.do, and there is nothing in our State or Federal Constitutions which required him to accept the aid of counsel. His acknowledgment of guilt expressed his belief that he could not make a successful defense even with counsel.

---

* This section was subsequently amended by Acts 1948, page 634, and now appears as Virginia Code, 1950, § 19-166. The first sentence now reads: "Upon a plea of guilty in a felony case, tendered in person by the accused, the court shall hear and determine the case without the intervention of a jury; * * *."

■ Petitioner challenges the validity of the judgment of June 1, 1942, on the ground that it incorrectly states that he appeared by counsel and pleaded guilty. He admits that counsel was appointed for him, and that counsel advised him to plead guilty; but he now asserts that counsel did not appear at the trial and that he pleaded not guilty. The judgment order reads as follows:

"This day came the Commonwealth's Attorney, and the said Arthur William Fitzgerald, who stands indicted of forgery, appeared by his attorney appointed for him by the court, as well as in his own proper person in custody of the jailor of this court, and being arraigned, pleaded guilty, and the evidence and argument of counsel being heard, the court doth find the defendant guilty of forgery, as charged in the indictment, and doth fix his punishment at two years in the penitentiary."

This order disposes of petitioner's contention. The recital that petitioner," appeared by his attorney appointed for him by the court, as well as in his own proper person * * *, and being arraigned, pleaded guilty," imports an absolute verity: *Crutchfield* v. *Com.,* 187 Va. 291, 296, 46 S. E. 2d 340; *Cottrell* v. *Com.,* 187 Va. 351, 46 S. E. 2d 413.

■ We come next to the real question in this proceeding, the issue upon which we granted writ of error, that is, the validity of the judgment and sentence of August 16, 1944.

It should be here observed that in the two foregoing proceedings, the defendant pleaded guilty; whereas the record discloses that in his third trial he pleaded "not guilty," but fails to show that counsel was appointed for him or that he had the advice of counsel.

The following judgment was entered on August 16, 1944.

"The said Arthur William Fitzgerald was this day again brought into Court in the custody of the jailor and set to the bar, and being arraigned upon said indictment, pleaded 'not guilty.' And the said accused, with his consent, and the concurrence of the Attorney for the Commonwealth, and of the Court, all hereby entered of record, waived a jury for his trial on said indictment, and, thereupon, the Court proceeded to hear and determine this case without the intervention of a jury, the jury having been waived as aforesaid, and having heard all the evidence adduced for both the Commonwealth and the accused, doth adjudge the said accused to be guilty as charged

in the said indictment, and doth fix his punishment at confinement for three (3) years in the penitentiary.

\* \* \*

"And for reasons satisfactory to the Court, and it appearing proper so to do, the Court doth suspend two (2) years of the three (3) year sentence imposed upon the said Arthur William Fitzgerald for a period of ten (10) years, during the good behavior of the said accused or until the further order of this Court."

The above judgment was based on § 4776, Code of 1942, (Michie), amended by Acts of 1940, page 345, now §19-167, Code of 1950, which reads, in part, as follows:

"One accused of a felony may plead not guilty and, with his consent after being advised by counsel (who shall be appointed for him by the court in all cases when he has no counsel of his own choosing) and the concurrence of the attorney for the Commonwealth and of the court entered of record, he may waive a jury; in case of such waiver, or a plea of guilty, the court shall try the case." (Code 1919, §4776; 1940, p. 345.)

Petitioner testified that he was arrested in Amherst County on August 12, 1944, charged with being drunk and disorderly. On the following Monday morning, August 16, 1944, he was indicted, tried and convicted for forgery and uttering a forged instrument. He says that he knew nothing of the forgery charge until the indictment was read to him; that he had no idea that he was to be tried on anything but the charge of drunkenness; that he was not guilty of forgery or uttering a forged instrument; that he was gainfully employed and could have made arrangements for representation by counsel of his own choice; that the judge of the trial court denied his request for an opportunity to procure counsel of his own choosing, and furthermore denied his request that the court appoint counsel for him. He says that when the latter request was made, the Attorney for the Commonwealth replied: "There isn't any in the court room. Go ahead and try it and dispose of the matter;" and that the court then, without petitioner's consent, proceeded to try the case, without a jury, although nothing was said to him about waiving a jury.

Petitioner further says he knew that he would be subject to punishment as a third offender if he was convicted of the forgery charge. He stated that no evidence was adduced at his trial

to show that he forged the paper writing described in the indictment or that he attempted to employ it as true; that he did not take the stand to testify; that as a matter of fact, he knew nothing about the check; and that when the Commonwealth's Attorney asked him if he signed the check, he replied that it was not in his handwriting.

In his petition herein, petitioner specifically alleged that the trial court denied his requests for assistance of counsel. These allegations gave full notice to respondent of the grounds relied on by petitioner. His testimony in support remained unshaken under critical cross-examination.

The trial of August 16, 1944, took place about eight years before the evidence in this proceeding was heard. The able, learned and experienced jurist, who presided at the trial, was not called to testify. His consideration of the accused is shown by the conditional suspension of two-thirds of the sentence imposed. We are not told whether any officer of the Circuit Court of Amherst County, or any other person, present at the trial, was available as a witness for the respondent. No evidence whatever in contradiction or rebuttal of petitioner's testimony is furnished.

However difficult it may be, in view of petitioner's criminal record, to accept his testimony with respect to lack of assistance of counsel and the waiver of a jury, we cannot arbitrarily say that it is unbelievable or impossible in the absence of any evidence in denial thereof. No claim is made that petitioner was represented by counsel, or that he received advice of counsel as to waiver of a jury. If petitioner's evidence be true, he was in need of legal assistance. His plea of not guilty raised pertinent and material questions of law and fact.

An accused is entitled to the means of presenting his best defense. He has a right to be given a reasonable opportunity to employ counsel, and, upon his plea of not guilty to a felony charge, the right to be afforded counsel by the court if he has none of his own choosing, before he may be required to determine whether or not to consent to the waiver of a jury. Code of Virginia 1942, (Michie) §4776; Code of 1950, §19-167. A refusal of a request for aid of counsel is an invasion of his rights.

In *Stonebreaker* v. *Smyth, supra,* and *Haughey* v. *Smyth,* 187 Va. 320, 46 S. E. 2d 419, numerous Federal cases and former decisions of this and other courts, on the subject of the right of

a person charged with a criminal offense to have the aid of counsel, have been reviewed and discussed.

In *Cottrell* v. *Com., supra,* at page 359, we approved the following statement from *Watkins* v. *Com., supra,* 174 Va., page 522:

"While there is no specific provision in the Constitution of Virginia guaranteeing to persons accused of crime the right to have the assistance of counsel, in *Barnes* v. *Com.,* 92 Va. 794, 803, 23 S. E. 784, this court recognized the right to be a fundamental one. It is, we think, one of the rights guaranteed to an accused under our Bill of Rights. Virginia Constitution, §8."

In *Watkins* v. *Com., supra,* page 522, and *Cottrell* v. *Com., supra,* page 360, we also approved the statement in 14 Am. Jur., Criminal Law §167, page 883, that "The right to a hearing, as a basic element of due process, includes the right to the aid of counsel, and failure to give the accused a reasonable time and opportunity to secure counsel prior to trial constitutes a denial of due process. The right includes a fair opportunity to secure counsel of one's own choice."

An accused may intelligently waive his right to aid of counsel; but "a denial of opportunity to consult with counsel on any material step after indictment or similar charge and arraignment violates the Fourteenth Amendment." *Hawk* v. *Olson,* 326 U. S. 271, 278, 66 S. Ct. Rep. 116; *Stonebreaker* v. *Smyth, supra,* 187 Va. 257.

Where one accused of a felony is incapable of adequately defending himself, a refusal of his request for counsel is a violation of his fundamental right to aid of counsel and will not support imprisonment. *Williams* v. *Kaiser,* 323 U. S. 471, 472, 65 S. Ct. Rep. 363, 364, Cf. *Tomkins* v. *Missouri,* 323 U. S. 485, 65 S. Ct. Rep. 370; *Powell v. Alabama,* 287 U. S. 45, 53 S. Ct. Rep. 55, 77 L. ed. 158, 84 A. L. R. 527.

On the record before us, petitioner was not accorded the rights to which he was entitled under Code of Virginia, 1942, (Michie) §4776, (Code of 1950, §19-167) nor the rights guaranteed to him under our Bill of Rights, §8, Constitution of Virginia. For that reason, the sentence imposed upon him on August 16, 1944, is void. Consequently, the sentence imposed upon him in the Circuit Court of the City of Richmond on the 18th day of October 1944, as a third offender, is also void. Petitioner is,

therefore, entitled to be released from custody under the said two sentences, and it is so ordered.

■ This does not mean that petitioner may escape further trial and punishment, if found guilty, under the indictment returned against him in the County of Amherst, on August 16, 1944. 22 C. J. S., Criminal Law, §266, page 402; 15 Am. Jur., Criminal Law, §364, page 43; 96 Am. St. Rep., Note on page 870. Cf. *Crutchfield* v. *Com., supra.* It is, therefore, further ordered that petitioner be delivered to the custody of the sheriff of the County of Amherst to answer the charges contained in the said indictment. In any further proceeding thereunder, the trial court will doubtless take into consideration the fact that the petitioner has, according to the record, been in custody continuously since August 12, 1944, a period of more than eight years, under convictions we hold to be nullities.

*Reversed.*