# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Justina L. Davis

March 8, 1995

Case No. (Law) 134472

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on the Rule to Show Cause and Information served on the defendant as to why he should not be adjudged an habitual offender. At trial of this matter on March 2, 1995, the Court heard argument of counsel, and took the matter under advisement to consider further the argument and the authorities cited. For the reasons provided below, the Court determines that the defendant should not be adjudged an habitual offender and the Rule to Show Cause is dismissed.

Defendant asserts that the Rule to Show Cause and Information should be dismissed because one of the three predicate offenses is a conviction for driving on a revoked or suspended license. The license had been suspended as part of a sentence imposed by a U.S. Magistrate in the Eastern District of Virginia on February 13, 1986, upon the conviction of driving while intoxicated. The Court finds the sentence imposed by the U.S. Magistrate was void, not voidable, and the conviction of driving on a suspended license cannot stand and cannot serve as a predicate offense for an habitual offender adjudication.

The U.S. Magistrate lacked authority to suspend the defendant's operator's license as part of the sentence imposed on the federal driving while intoxicated charge. *United States of America v. Knott*, 722 F. Supp. 1365 (E.D. Va. 1989), motion to reconsider denied 726 F. Supp. 1042 (E.D. Va. 1989). The lack of authority does not affect the validity of the *conviction*. But it does render void (not voidable) the portion of the *sentence* suspend-

ing the license. "A sentence in excess of that which the court rendering it had the power to pronounce is void for the excess only." *Crutchfield v. Commonwealth*, 187 Va. 291, 46 S.E.2d 340 (1948).

Unlike voidable convictions, void convictions can be attacked collaterally. *Royster v. Smith*, 195 Va. 228, 77 S.E.2d 855 (1953). The same is true of void sentences. "A sentence in excess of that prescribed by law is not void *ab initio* because of the excess, but is good in so far as the power of the Court extends, and is invalid only to the excess. *Royster*, 195 Va. at 236, 77 S.E.2d at 859. Where the Court has jurisdiction over the parties and the subject matter, and *the legal authority to make the order*, "a party refusing to obey the order, however erroneously made, is liable for contempt. Such order, though erroneous, is lawful within the meaning of contempt statutes until it is reversed by an appellate court . . . ." *Robertson v. Commonwealth*, 181 Va. 520, 537, 25 S.E.2d 352, 359 (1943). But "a party cannot be guilty of contempt of court for disobeying an order which the court had no authority of law to make . . . . "*Robertson*, 181 Va. at 537, 25 S.E.2d at 359, citing *Farwell v. Horton*, 301 Ill. App. 372, 22 N.E.2d 958 (1939).

The portion of the U.S. Magistrate's sentence exceeding her authority is void. That portion can be collaterally attacked, which this defendant is doing by raising the issue as a defense in this proceeding. The defendant's conviction of driving on a suspended license when the U.S. Magistrate had no authority to suspend the license is not a proper conviction and cannot serve as a predicate offense for an habitual offender adjudication.