# CIRCUIT COURT OF THE CITY OF NORFOLK

William Kyle Barco

v.

Commonwealth of Virginia

March 31, 2014

Case No. CL13-7818

BY JUDGE MARY JANE HALL

This matter comes before the Court on a Motion To Substitute Party Respondent and Motion To Dismiss a Petition for a Writ of Habeas Corpus. As stated herein, both motions are granted.

## Background

On May 12, 2011, Petitioner pleaded guilty to abduction with the intent to extort money, carjacking, two counts of use of a firearm in the commission of a felony, and conspiracy. The Court sentenced Petitioner to a total sentence of 53 years with 39 years suspended. The Court sentenced Petitioner to the mandatory minimum active sentence of three years for the first and five years for the second use of a firearm charge. The Court ordered Petitioner's firearm charges to run consecutively. Petitioner did not appeal the conviction or the sentencing order.

## I. Motion To Substitute Party Respondent

The Court grants the motion to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as the proper party respondent in this habeas corpus matter. Pursuant to Va. Code § 53.1-20 and § 19.2-310, persons convicted of felonies and sentenced to the Department of Corrections shall be placed in the custody of the Department. Petitioner has been transferred to the Virginia Department of Corrections, such that Mr. Clarke is the proper party respondent.

## II. *Motion To Dismiss Habeas Corpus Petition*

In his petition for a writ of habeas corpus, Petitioner alleges that *Brown v. Commonwealth*, 284 Va. 538, 733 S.E.2d 638 (2012), should be applied retroactively to his case to permit his two firearm sentences to run concurrently. In *Brown*, the Supreme Court of Virginia expressly overturned the Virginia Court of Appeals holding in *Bullock v. Commonwealth*, 48 Va. App. 359, 631 S.E.2d 334 (2006), that a trial court "may not" set multiple sentences imposed pursuant to Va. Code § 18.2-53.1 to run consecutively. The *Brown* decision now recognizes the discretion of a trial court judge to run firearm sentences concurrently. *Brown*, 284 Va. at 545.

Respondent argues that Petitioner's claim is procedurally defaulted because he could have raised this issue in the trial court and on appeal. In Virginia, "a petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). Respondent claims that the *Brown* case should not apply to Petitioner because he, like the defendant in *Brown*, had the opportunity to object to the circuit court's ruling that it lacked authority to run the firearm sentences concurrently. The law was equally adverse to Brown at the time of his sentence as it was to Petitioner. Respondent cites *Commonwealth v. Jerman* to point out that "the perceived futility of an objection does not excuse a defendant's procedural default at trial." *Commonwealth v. Jerman*, 263 Va. 88, 94, 556 S.E.2d 754, 757 (2002).

In Virginia, "the function of a writ of habeas corpus is to inquire into jurisdictional defects amounting to want of legal authority for the detention of a person on whose behalf it is asked." *Elliott v. Warden*, 274 Va. 598, 625, 652 S.E.2d 465, 487 (2007) (internal citations omitted). It is a civil suit brought to challenge the legality of the restraint under which a person is held. *Smyth v. Godwin*, 188 Va. 753, 51 S.E.2d 230 (1949).

In *Royster v. Smith*, 195 Va. 228, 77 S.E.2d 855 (1953), the Virginia Supreme Court held that a habeas writ does not lie where the judgment of conviction is merely voidable by reasons of error of law or fact, omissions, or other irregularities, no matter how numerous or flagrant they may be. *Id.* at 232, 77 S.E.2d at 857. According to the *Royster* case, "If the court had jurisdiction of the person and the subject matter of the prosecution and if the punishment imposed is of the character prescribed by law, a writ of habeas corpus does not lie to release the prisoner from custody merely because of the irregularities or defects in the sentence." *Royster*, 195 Va. at 232-33, 77 S.E.2d at 857 (internal citations omitted).

Petitioner does not and cannot allege that this Court lacked authority to impose consecutive firearm sentences. Instead he seeks to retroactively change a sentence that the Court had jurisdiction and authority to issue. Under the law in Virginia both at the time of Petitioner's sentencing and now, a trial court judge has the discretion to run firearm charges consecutively. As the Supreme Court of Virginia has stated, "where a party is imprisoned

under a judgment or order of a court having authority to make the order, he cannot be discharged on habeas corpus." *Royster*, 195 Va. at 237, 77 S.E.2d at 859-60.

The Court finds that a writ of habeas corpus is not available to permit sentences to run concurrently, even if the Court did not consider that it had the authority to do so at sentencing. Accordingly, the Court grants the Respondent's motion to dismiss the habeas corpus petition.