PANCHO MARTINEZ v. THE STATE.

No. 12560. Delivered May 22, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*L. D. Stroud* of Beeville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

While controverted, the evidence is such as to support the finding of the jury that the appellant killed Gregorio Castillo by shooting him with a pistol. The homicide took place at a dance. Eusebio Casiano, an eye-witness, testified that he saw the fatal shots fired by the appellant. Immediately after the shots were fired, the wife of the deceased, who was at the dance, ran to her husband, who said that Pancho Martinez had shot him. The deceased was in the act of falling at the time and the appellant was nearby with a pistol in his hand.

There are several bills of exceptions complaining of the reception of the testimony presenting the contention that the declaration of the deceased that "Pancho Martinez shot me" was hearsay and inadmissible in the absence of a predicate such as would support the introduction of a dying declaration. As qualified by the court and shown by the testimony, the declaration was made while the wounded man was upon the spot where he had been shot, before he had fallen to the ground and but a few moments after the fatal shots were fired and while his assailant was standing by with a pistol in his hand. That the declaration was properly received under the rule of res gestae is not open to question. Calloway v. State, 92 Tex. Crim. Rep. 508; Cavanar v. State, 99 Tex. Crim. Rep. 446.

A bill complains of the proof that as his wife was by the dying man she made the statement:

"Why do you come again, if you have killed him before, you unhappy one."

The bill is not intelligible and is bare of the surrounding facts.

The evidence is sufficient, and no error having been perceived, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an extended and ingenious argument based upon the proposition that a change was made in the verdict of the jury after same was returned into court, the change being made with the consent of the jury and by the court. We have examined each of the five bills of exception appearing in the record and find no complaint in any of them, nor do we find any reference to this proposition in the motion for new trial. In the judgment of conviction it is set out that when the jury brought in their verdict they found the appellant guilty of murder and "recommended" his punishment at twenty-five years in the State penitentiary. It is further recited in said judgment that this was corrected by erasing the word "recommended" and inserting the word "assess," and that after being so corrected each juror stated the corrected verdict was his verdict. If this matter was before us so that it could be considered, our opinion would be that it was such matter as the court had the right to correct with the consent of the jury, and that no error appears. Art. 696 C. C. P.; Fifer v. State, 64 Tex. Crim. Rep. 203; Gould v. State, 66 Tex. Cr. Rep. 421.

If the charge of the court is correctly copied in the transcript on appeal, the definition of murder found therein would be incorrect to the extent that it omits the word "voluntarily." No complaint was made of any such matter in the motion for new trial, or by any exception to the charge. Plainly the matter as it here appears is a clerical error on the part of those who prepared the transcript. Examining the charge further, it is found that in applying the law to the facts the court correctly told the jury that they must find beyond a reasonable doubt that appellant intentionally killed, etc.

The motion for rehearing will be overruled.

*Overruled*