222

## 25509. WILSON v. THE STATE.

BROYLES, C. J. 1. The several excerpts from the charge of the court, complained of, when considered in the light of the entire charge and the facts of the case, disclose no reversible error.

2. The defendant was tried for the offense of larceny after trust, on an indictment containing three counts. The judge in his charge eliminated the third count, and the jury returned the following verdict: "We, the jury, find the defendant guilty, this 10th day of September, 1935, and recommend he be punished as for misdemeanor." The verdict was excepted to in the motion for new trial, on the ground that it "fails to set forth upon which count movant was found guilty, and fails to acquit him on the other count," and "because same does not fix the defendant's punishment as required by law, but merely says, 'and recommend he be punished as for a misdemeanor.'" The Supreme Court and this court have repeatedly held that where a defendant is tried on an indictment containing two or more counts, a general verdict of guilty means guilty on all of the counts. This being a felony case, the jury should have fixed a maximum and minimum punishment for the defendant. However, their failure to do so was a mere irregularity, which was amendable, and which counsel for the defendant, if dissatisfied with the wording of the verdict, should have called to the attention of the court. The defect in the verdict was not harmful to the accused, since the judge followed the recommendation of the jury and imposed a misdemeanor sentence.

3. The remaining special assignments of error are without merit.

4. While the evidence did not demand the defendant's conviction, this court can not hold as a matter of law that the verdict was not authorized by any evidence. The finding of the jury having been approved by the judge, and no reversible error of law appearing, this court is without authority to interfere.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 15, 1936.

*Harvey J. Kennedy,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.