## 28701. EDWARDS *v.* THE STATE.

DECIDED JANUARY 20, 1941.

*J. P. Dukes,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

GARDNER, J. This defendant was indicted for burglary, in that he broke and entered a smokehouse and took therefrom four middlings and one shoulder of green meat. The State's evidence showed that the prosecutor discovered that the locked door to the smokehouse had been broken open and that the meat was missing. He further testified that he was familiar with the tracks of the defendant, having known him for twelve years, that the tracks leading from the scene of the burglary were tracks which looked like the tracks of the defendant, and that the tracks led in the direction of the defendant's home. A search warrant was procured, and the officers searched the defendant's house and found in the loft of his home four sides of green meat and one shoulder. The prosecutor testified that he recognized the meat from the way it was cut, having helped cut it. There were other pieces of meat found in the defendant's house but it was cured meat. Several witnesses testifying for the State gave their opinion that the meat alleged to have been stolen was in about the same state of curing when found as would result from the period the prosecutor claimed had elapsed since he killed the hogs. The defendant in his statement denied any knowledge of the meat having been placed in his home, and stated that he expected to move within a few days and that some one else must have carried it there. The jury found the defendant guilty. A motion for new trial was filed on the general grounds. The court overruled this motion and the defendant excepted. The evidence was sufficient to sustain the verdict.

Counsel for the plaintiff in error contends that the verdict, "We the jury find the defendant guilty and recommend his sentence of

maximum two years, minimum one year," was contrary to law, in that the statute (Code, § 27-2502) requires the form to meet the following requirements: "The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury." The judge sentenced the defendant "During the full term of not less than one year and not more than two years." The verdict was in substantial compliance with the statute, and the sentence based thereon was valid.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*