### 31390. SALTER v. THE STATE.

DECIDED OCTOBER 24, 1946.   REHEARING DENIED DECEMBER 9, 1946.

Alfred Herrington, for plaintiff in error.
W. H. Lanier, Solicitor-General, contra.

MacINTYRE, J.   ■   The defendant in this case was indicted for the offense of murder. The jury returned the following verdict: "We the jury find the defendant guilty of voluntary manslaughter & recommend that he serve 2 yrs. minimum, maximum 5 yrs.   This the 15 day of Apr. 1946.   J. E. Thompson, Foreman."

The defendant filed a motion for new trial on the general grounds and later amended this motion to include five special grounds, numbered 4, 5, 6, 7, and 8, in which he contended that a new trial should be granted because the verdict of the jury was contrary to law and contradictory to the charge of the court, in that the jury made use of the word "recommend" in the verdict. The defendant further contended that the verdict as written did not prescribe or fix the punishment but merely recommended the punishment. The Code, § 27-2502, prescribes that the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury. The verdict being, "We the jury find the defendant guilty of voluntary manslaughter & recommend that he serve 2 yrs. minimum, maximum 5 yrs. This the 15 day of Apr. 1946. J. E. Thompson, Foreman." The judge in his sentence committed the defendant to the penitentiary for a minimum term of two years and a maximum term of five years. This being a felony case not punishable by life imprisonment, the jury should have followed the instructions given them in charge by the trial judge and employed the word "fix" or one synonymous therewith in making up their verdict. However, their failure to do so by using the word "recommend" instead of "fix" in the instant case was a mere irregularity, which was amendable, and which counsel for the defendant, if dissatisfied with the wording of the verdict, should have called to the attention of the court. The defect in the verdict was not harmful to the accused. *Wilson* v. *State,* 54 *Ga. App.* 222 (2) (187 S. E. 616). "A verdict is to be given a reasonable intendment, and, when ambiguous, may be construed in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal." *Barbour* v. *State,* 8 *Ga. App.* 27 (68 S. E. 458). The verdict was in substantial compliance with the statute (Code, § 27-2502) which sets forth the requirements of the verdict as to form. *Edwards* v. *State,* 64 *Ga. App.* 266 (13 S. E. 2d, 39).

■ After a careful reading of the brief of evidence, it is clear

that, by taking the view of the evidence in the most favorable light to upholding the verdict of voluntary manslaughter, there was ample evidence to sustain the finding of the jury. *Vandeviere* v. *State,* 58 *Ga. App.* 18 (1) (197 S. E. 338).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J. The question raised in the motion for rehearing, that the sentence was illegal in that the verdict upon which it was based was contrary to law because the verdict did not meet the requirements of the Code, § 27-2502, is controlled adversely to the defendant by *Edwards* v. *State,* 64 *Ga. App.* 266 (supra), in which it was held: "Counsel for the plaintiff in error contends that the verdict, 'We the jury find the defendant guilty and recommend his sentence of maximum two years, minimum one year,' was contrary to law, in that the statute (Code, § 27-2502) requires the form to meet the following requirements: 'The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury.' The judge sentenced the defendant 'During the full term of not less than one year and not more than two years.' The verdict was in substantial compliance with the statute, and the sentence based thereon was valid."

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*