### EARL SMITH V. STATE.

No. 25,824. April 23, 1952.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 4, 1952.

Hon. H. L. Elwell, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a case of driving an automobile upon a public highway while intoxicated; the punishment, a fine of $50.

The verdict of the jury, which is challenged as being insufficient to support the judgment, reads as follows:

"We, the Jury, find the Defendant, Guilty, as charged and recommend he be fined the sum of $50.00."

The claimed insufficiency of the verdict lies in the use by the jury of the word, "recommend," in fixing the punishment.

By Art. 693, C. C. P., it is made mandatory that the jury "assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

The question for our determination, then, is whether the jury's recommendation rather than assessment of the punishment complies with the statute. Stated in another way: Does the word, "recommend," as used in the verdict, have the same meaning as the word, "assess," as used in the statute?

The question might be, without further discussion, answered by saying that the verdict, regardless of the words used therein, shows that the jury intended to assess the punishment at a fine of $50. But the answer to the question is not so simple, for what the jury might have intended to do and what, in fact, they did may be two separate and distinct matters. The jury were required to "assess" the punishment. If, by their verdict, they did that, the mandate of the statute has been complied with; if not, then we have here no valid verdict.

It must be remembered that the right to construe and determine the meaning of a verdict does not authorize a court to write a verdict.

So far as we have been able to find, the exact question has not heretofore been before this court.

In the case of Martinez v. State, 113 Tex. Cr. R. 223, 18 S. W. 2d 656 (a murder case), there was a verdict similar in essentials to that here presented. There, the jury by its verdict recommended rather than assessed the punishment. The verdict was changed by the court with the consent of the jury to read, "assess," instead of "recommend," and as so changed was received.

In Lewis v. State, 51 Ala. 1 (a murder case), the verdict was to "recommend" punishment of twenty years. It was there contended that the word, "recommend," did not sufficiently declare the exercise of discretion by the jury in fixing the period

of imprisonment in the penitentiary. In disposing of the question adversely to that contention, the Supreme Court of Alabama said:

"It is true that this is not possibly the most apt word that could have been used in such a case. But it certainly fixes the time of imprisonment with sufficient clearness to enable the court to carry the verdict into effect by its judgment. This is enough. The court will construe the language used in reference to the purpose necessarily intended."

We are unwilling to give a strict construction to the words, "assess" and "recommend," as used in the case before us, but, rather, will construe the word, "recommend," as did the Alabama court, in the sense that assessment of punishment was intended by the jury.

Accordingly, the conclusion is expressed that the verdict is sufficient to support the judgment.

Other matters presented have been examined and are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.