JAMES WILLOUGHBY v. W. FRANK SMYTH, JR., SUPERINTENDENT
OF THE VIRGINIA STATE PENITENTIARY.

October 13, 1952.

Record No. 4017.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Thomas M. Miller, Assistant Attorney General,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This case comes to us for review of a judgment directing dismissal of a petition for a writ of *habeas corpus.*

James Willoughby, petitioner, was convicted and remanded to the custody of the respondent, W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, for service of three sentences imposed upon him by the Corporation Court of City of Norfolk, Part Two, as follows: On July 17, 1935, one year for "*A*ttempted store-breaking;" on November 23, 1943, one year for grand larceny; and on January 9, 1946, eight years for robbery. In addition, he was on March 13, 1946, in the Circuit Court of the City of Richmond, convicted and sentenced on an information charging him with three prior felony convictions and given a sentence of ten years. Virginia Code, 1942, (Michie) § 5054; Code of Virginia, 1950, § 53-296.*

Petitioner has served in full the sentences for the first three convictions.

On September 26, 1951, petitioner filed his petition in the Circuit Court of the City of Richmond for a writ of *habeas corpus* seeking his discharge from the custody of the respondent, W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, on the ground that his detention by the respondent was illegal, void and without due process. The Circuit Court of the City of Richmond awarded a writ of *habeas corpus* and made it returnable to the Corporation Court of City of Norfolk, Part Two. The latter court, after a hearing on the merits, discharged the writ and denied the prayer of the petitioner.

Petitioner challenges only the first and fourth convictions.

---

* Code, 1950, § 53-296, provides that a convict previously sentenced to imprisonment in the penitentiary may be sentenced "to further confinement in the penitentiary for a period of not exceeding five years, if he has been once before sentenced in the United States to confinement in the penitentiary; but if he has been twice sentenced in the United States to such confinement, he may be sentenced to be confined in the penitentiary for such additional time as the court trying the case may deem proper."

He attacks the conviction of July 17, 1935, as a nullity, and contends that in view of said nullity, the ten-year sentence imposed upon him in the Circuit Court of the City of Richmond on March 13, 1946, as a recidivist, was illegal, null and void.

The controlling question is whether the first conviction was void because of the form and language of the jury's verdict therein.

The indictment upon which petitioner was convicted on July 17, 1935, charged that Clyde Baker and James Willoughby, on the third day of June, 1935, in the said City of Norfolk, "in the night time of said day feloniously did enter the store-house of one D. Pender Grocery Company, Incorporated, a corporation, there situate, with intent then and there in said store-house, the goods, chattels and moneys of the said D. Pender Grocery Company, Incorporated, a corporation, in said store-house then and there being, feloniously to steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia."

The verdict of the jury was as follows: "We the jury find the accused each guilty of *A*ttempted storebreaking and fix their punishment at confinement in the penitentiary for one year each." Thereupon, the court, after overruling the motion of the defendants, by counsel, to set aside the verdict of the jury as contrary to the law and the evidence, pronounced judgment against the defendants and sentenced each of them to be confined in the penitentiary for the term fixed by the jury's verdict. No exception was made to the form of the verdict and no petition was filed for a writ of error.

The indictment was based upon §§ 4438 and 4439, Virginia Code, 1942, (Michie), now §§ 18-160 and 18-161 Code of 1950.*

Virginia Code, 1942, (Michie) § 4438; Code of 1950, § 18-160, prior to its 1952 amendment, so far as material, reads:

"If any person * * * in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, * * * with intent to commit murder, rape or robbery, he shall be con-

---

* By an Act approved April 3, 1952, the General Assembly of Virginia amended §§ 18-160 and 18-161, Code of 1950, as follows: As to § 18-160, it changed the minimum period of confinement from three years to one year, and the maximum from fifteen to eighteen years, and in each of the sections inserted the words "shall be deemed guilty of statutory burglary and" before the words "shall be confined in the penitentiary * * *."

fined in the penitentiary not less than three nor more than fifteen years. (Code 1919, § 4438; 1944, p. 36).''

Virginia Code, 1942, (Michie) § 4439; Code of 1950, § 18-161, prior to its 1952 amendment, provided:

''If any person do any of the acts mentioned in the preceding section, with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be confined in the penitentiary not less than one year nor more than ten years, or, in the discretion of the jury, confined in jail not exceeding twelve months and fined not exceeding five hundred dollars. (Code 1919, § 4439; 1922, p. 683; 1928, p. 594).''

Furthermore, Virginia Code, 1942, (Michie) § 4922; Code of 1950, § 19-227 provides:

''On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony; * * *. (Code 1919, § 4922).''

Virginia Code, 1942, (Michie) § 4767; Code of 1950, § 18-8 provides how attempts to commit offenses shall be punished.

Specifically, petitioner contends that ''attempted storebreaking'' does not constitute a crime, and that the verdict is not in conformity with the indictment. On the latter point, he argues that since the indictment does not allege a ''breaking'', but only an entry without mention of a ''breaking,'' the verdict finds him guilty of a crime different in nature and character from that charged.

We are not impressed with the soundness of petitioner's argument upon either contention. In the terminology of criminal law generally, and in this court, the descriptive words ''housebreaking'' and ''storebreaking'' have long been applied to the statutory offenses defined in Code, §§ 18-160 and 18-161. In the Codes of Virginia for more than a century the offense has been indexed under the title ''Housebreaking.'' In case after case we have recognized ''housebreaking'' and ''storebreaking'' as proper descriptive terms of the statutory offense.

As to the term ''housebreaking,'' see *Walters* v. *Commonwealth*, 159 Va. 903, 905, 165 S. E. 495; *Miller* v. *Commonwealth*, 185 Va. 17, 21, 22, 37 S. E. (2d) 864; *Robinson* v. *Commonwealth*, 190 Va. 134, 139, 140, 56 S. E. (2d) 367. Also Cf. *Benton* v. *Commonwealth*, 91 Va. 782, 21 S. E. 495.

In *Hanson* v. *Smyth*, 183 Va. 384, 389, 391, 32 S. E. (2d) 142, where the accused was indicted for breaking and entering

a storehouse, with intent to commit larceny, we repeatedly referred to the alleged offense as "storebreaking."

In *Branch* v. *Commonwealth,* 184 Va. 394, 395, 35 S. E. (2d) 593, the term "storebreaking" was employed to denote the type of offense here involved.

██ Under Code, §§ 18-160 and 18-161, housebreaking or storebreaking, as a consummated crime, includes both a nighttime entry without breaking and a breaking and entry in the daytime or nighttime, under stated conditions, as precisely the same felony. There is no distinction in the degree or class of crime or in the measure of its punishment. An attempt to commit the offense may, therefore, be perpetrated either by the attempt to enter without breaking or by the attempt to break and enter. The indictment here alleged that petitioner "feloniously did enter the store-house," etc., that is, it charged him with the consummated crime of storebreaking. The charge embraces the lesser offense of attempting to enter without breaking or of attempting to break and enter. Code, § 19-227. The jury evidently thought that while the evidence failed to disclose an actual entry, it did show an attempt to commit the offense charged. Whether the act towards its commission was an attempt to enter without breaking, or an attempt to break and enter, was a matter of evidence, the effect was the same. The jury accordingly found him guilty of an attempt to commit the offense charged, and fixed his punishment according to Code, § 18-8. The verdict was, therefore, responsive to the lesser offense embraced in the charge of the indictment and to the punishment provided therefor.

The verdict clearly and fully informed the petitioner of the offense for which he was convicted. He was represented by counsel, and there is nothing in the record before us to suggest he did not have a fair and impartial trial. No objection was made to the form of the verdict, and no writ of error was prosecuted in his behalf.

██ We have not been overly technical in the consideration of verdicts which are merely informal or irregular, where the intention of the jury is clear, the informality or irregularity is immaterial, and the accused not prejudiced. *Dull* v. *Commonwealth,* 25 Gratt. (66 Va.) 965; *Johnson* v. *Commonwealth,* 135 Va. 524, 115 S. E. 673, 30 A. L. R. 755; *Harmon* v. *Smyth,* 183 Va. 414, 32 S. E. (2d) 665.

■ *Habeas corpus* is not to be substituted for a writ of error and will not lie for the release of a prisoner where the judgment is merely voidable by reason of error of law or of fact, omissions or other irregularities, when the law provides remedy by appeal or writ of error to obtain their correction. *Harmon* v. *Smyth, supra; McDorman* v. *Smyth,* 187 Va. 522, 47 S. E. (2d) 441. The same rule applies to immaterial defects and irregularities in verdicts.

■ The trial court undoubtedly had jurisdiction of the petitioner and the offense for which he was tried at the time of its judgment of July 17, 1935, and we are of opinion that the conviction of that date was in all respects valid. Consequently, there is no occasion for us to inquire further into the validity of petitioner's conviction as a recidivist.

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court in dismissing the petition for a writ of *habeas corpus.*

*Affirmed.*