JILES SILLEMON V. STATE

No. 27,005.   May 26, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 26, 1954

*Spence & Rexford,* by *James E. Rexford,* Wichita Falls, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whisky in a dry area; the punishment, 60 days in jail and a fine of $500.00.

Agents Tisdale and Bailey testified that they went to the home of appellant on the day in question and purchased a pint of whisky from him for the sum of $5.00.

Appellant, testifying in his own behalf, denied that he had made a sale to the officers and stated that he had never seen them before the day of the trial.

The jury resolved the issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

Appellant contends that the information is fatally defective in that it fails to properly allege that the offense was commit-

ted in Foard County. The complained-of portion of the information is as follows:

" . . . did then and there in a dry area, to-wit Foard County, *Texas County*, State of Texas . . . ."

We think the following rule found in Branch's Annotated Penal Code, section 497, page 256, is here controlling:

"Allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded."

The jury verdict was as follows:

"We the Jury find the defendant Guilty and recommend a $500.00 fine and 60 days in jail."

Appellant contends it is insufficient to support the judgment.

Recently, in Smith v. State, 157 Texas Cr. Rep. 399, 248 S.W. 2d 937, we had the same question before us. We held the verdict sufficient. We can perceive no distinction between the Smith case and the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.