Appellant contends it is insufficient to support the judgment.

Recently, in Smith v. State, Tex. Cr.App., 248 S.W.2d 937, we had the same question before us. We held the verdict sufficient. We can perceive no distinction between the Smith case and the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.

---

**SILLEMON v. STATE.**

No. 26993.

Court of Criminal Appeals of Texas.

May 26, 1954.

Spence & Rexford, By James E. Rexford, Wichita Falls, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area; the punishment, 60 days in jail and a fine of $500.

This is a companion case to No. 27,005, Tex.Cr.App., 269 S.W.2d 382, in that this prosecution arose out of a different sale of whiskey to the same witness at a different hour on the same day.

Appellant's contentions are the same and will not be here discussed except as follows: In his motion for new trial appellant alleges that three of the jurors who convicted him in this cause had served on the jury in Cause No. 27,005.

We do not find that the appellant challenged these jurors for cause, or otherwise excepted to the court's action in refusing to excuse such jurors, because of their having served and convicted appellant in the other case on the same day.

Since there is no ruling of the court which we may here review, we have no alternative but to affirm the conviction.

The judgment is affirmed.