**Ex parte James MOTE.**

Court of Appeals of Kentucky.

Jan. 28, 1955.

Thomas W. Hardesty, Newport, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., Wm. J. Wise, Commonwealth's Atty., Newport, for appellee.

SIMS, Justice.

This appeal is from a judgment of the Campbell Circuit Court sustaining a demurrer to and dismissing the petition of James Mote for a writ of habeas corpus.

Appellant, James Mote, and three other persons were indicted and tried jointly in the Campbell Circuit Court for the crime of keeping a house of ill-fame. All four were convicted and were given the maximum penalty, a fine of $200 and imprisonment in the county jail for one year. Their motion for an appeal was denied by this court and the judgment affirmed in Downard v. Com., Ky., 265 S.W.2d 454.

In the action now before us Mote has appealed pursuant to the provisions of § 429-1 of the Criminal Code of Practice, seeking a writ of habeas corpus. He contends the judgment under which he is being confined in jail is void because: (1) the testimony of the state policeman who conducted the investigation which led to his arrest is inadmissible; (2) the jury's verdict is defective; (3) the circuit court did not have jurisdiction to try him.

█ Two of his contentions (1 and 3) were before us in the first appeal in Downard v. Com., Ky., 265 S.W.2d 454, and decided adversely to Mote. The Commonwealth correctly argues that the decision in the Downard case is res judicata as to these two contentions. Res judicata is applicable to judgments in criminal prosecutions and subject to the same limitations as apply in civil cases. State v. Humphrey, 357 Mo. 824, 210 S.W.2d 1002; Ex parte Lewis, 152 Kan. 193, 102 P.2d 981; State v. Barton, 5 Wash.2d 234, 105 P.2d 63.

█ The argument that the judgment is void because of an alleged defective verdict was raised for the first time in this proceeding. The verdict reads:

"We, the jury, find the defendants, James Mote, Marshall Downard, Floyd Bowman and Jacqueline Hill, guilty as charged in instructions #1 and recommend full penalty of one (1) year in jail and the fine of $200.00 dollars."

Appellant insists the verdict does not comply with §§ 257 and 258 of the Criminal Code of Practice (requiring the jury to fix the punishment) because the word "recommend" was used. The general rule is that a verdict is sufficient in form if it expresses the decision of the jury on the issue submitted so as to enable the court to intelligibly render a judgment thereon. Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336. The verdict was sufficiently definite for the court to fix the

punishment at one year in jail and a $200 fine.

■ Even if it be conceded, which it is not, that this was a technical error, it would not be sufficient ground for the issuance of a writ of habeas corpus. In Harrod v. Whaley, Ky., 239 S.W.2d 480, 482, we said the office of the writ of habeas corpus is not to review errors committed in the trial, but is a collateral attack upon the judgment and raises the sole question of whether the judgment is void under which petitioner is confined. Appellant has failed to show the judgment under which he is being confined in jail is void, therefore the trial court properly denied the writ.

The judgment dismissing the petition is affirmed.