Earl UNDERHILL and William C. Underhill, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1956.

Rehearing Denied May 11, 1956.

Wells Overbey, Murray, for appellants.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., James M. Lassiter, Commonwealth Atty., Robert O. Miller, County Atty., Murray, for appellee.

WADDILL, Commissioner.

The appellants, Earl Underhill and W. C. Underhill, were jointly indicted for the offense of assault with intent to rob. KRS 433.150. Upon trial, they were convicted and sentenced to 21 years in prison. They seek reversal of the judgments entered on the verdict, urging that the court erred: (1) In overruling their motion for a directed verdict of acquittal; (2) in instructing the jury; (3) in entering the judgments upon a defective verdict; (4) in placing an improper caption on the instructions; and, (5) in entering judgments on a verdict that was contrary to the evidence.

Appellants' first contention is that they were entitled to a directed verdict of acquittal because the only evidence of their guilt was the testimony of two self-confessed accomplices which was not corroborated as required by the provisions of Section 241 of our Criminal Code of Practice. To properly consider and dispose of the question raised, it is necessary to review the evidence upon which their convictions were based.

On the night of July 5, 1955, Cirt Collins and George Collins, who were brothers, went to the home of Ernest Bailey near Murray, for the purpose of robbing Bailey of a large sum of money he was supposed to have secreted there. The Collins brothers were admitted into the Bailey home under the pretext of seeking assistance in getting some gasoline for their automobile. Immediately after they had been admitted into the Bailey residence, George Collins said "this is a stick-up," he then shot Mr. Bailey and Cirt Collins struck Mr. Bailey with a pistol. The Collins brothers fled from the Bailey residence, but were apprehended early the next morning. Following their arrest, both George and Cirt Collins confessed their guilt, and implicated the appellants, who were their relatives, as their confederates in the commission of the crime.

According to the testimony of George and Cirt Collins, the plot to rob Ernest Bailey was devised while they were visiting the appellants in Hammond, Indiana. It appears that the appellant, W. C. Underhill, who had once been employed by Ernest Bailey, had obtained information that Mr. Bailey possessed a large sum of money which was kept in his home. Pursuant to their cabal the Collins brothers met the appellants at a place in Calloway County during the afternoon of July 5th, and later drove to a gravel pit where some of them engaged in pistol practice. Shortly after dark the appellants proceeded in their automobile to a place near the Bailey residence, and the Collins brothers followed in their car; appellants directed the Collins boys to the Bailey residence, and it was agreed that the appellants would wait on the road until the robbery was completed by the Collins boys, after which all of them would later meet and divide the plunder. When the formulated plans were attempted to be executed, the Collins boys, for some unexplained reason, shot and assaulted their victim, which resulted in their immediate flight from the scene of their crime and their arrest for their commission of this nefarious offense.

The proof upon which the Commonwealth relies to corroborate the evidence of the self-confessed accomplices is as follows:

(a) The testimony of Mr. and Mrs. Ernest Bailey that they had neither known or even seen the Collins boys prior to the occasion of the robbery, but that they were well acquainted with the appellants; that about seven or eight years prior to the robbery the appellant W. C. Underhill had lived in their home while he was employed to work on their farm;

(b) The testimony of Spalding Bevin, a police officer at Morganfield, that he saw the appellants in Morganfield between 11:00 and 11:30 p. m. on the night of July 5th, and that appellants asked him the best route to travel to Camp Breckenridge; that later he intercepted the appellants, and questioned them concerning why they had not stopped their car at the Camp and was told by them they were en route to Evansville, Indiana;

(c) The testimony of Hay Dixon that appellants and the Collins brothers were at his place of business in Murray on the afternoon of July 5th; that the appellants left their car at his place for some repairs; that late in the afternoon the appellants and the Collins boys again appeared there, and that the appellants left in their car shortly after the Collinses had departed;

(d) The testimony of Cohen Stubblefield, a deputy sheriff of Calloway County, and that of state trooper Guy Turner, that the appellants voluntarily stated to them that they were with the Collins brothers in Calloway County on the afternoon of July 5th, and at the gravel pit that night where they participated in firing a .22 caliber pistol (which was the same gun used to shoot Ernest Bailey); that appellants further admitted that they left the gravel pit in their car and were followed by the Collins boys who were driving their car; that appellants claimed that they returned to Murray and from there proceeded to return to their home in Indiana.

At this point we observe that the route taken by the appellants from the gravel pit to reach Murray was part of the identical route the Collins brothers stated that they pursued in reaching the Bailey residence. Appellants did not testify.

The evidence in this case was sufficient to corroborate the testimony of the accomplices. In Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609, the entire opinion is devoted to a consideration of what character of evidence is necessary to satisfy the requirements of Section 241 of our Criminal Code of Practice. Under that decision, and others that have followed it, we dismiss, as without merit, appellants' contention under ground No. 1.

It is next urged that instruction No. 3 is prejudicially erroneous. It reads:

"* * * you cannot convict the defendants, or either of them, upon the testimony of Cirt Collins or George Collins alone, unless said testimony is corroborated * * *."

The alleged error is that the use of the words "or" and "alone" in the instruction had the prejudicial effect of nullifying the protection afforded them by Section 241 of our Criminal Code of Practice, which provides that:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; * * *."

The court specifically named the accomplices in the instruction, and its plain meaning appears to be that the jury could not convict the appellants unless the testimony of the accomplices was corroborated by other evidence tending to connect the appellants with the commission of the offense. The instruction given substantially complied with the Code Section and that is all that is required. Strader v. Commonwealth, 240 Ky. 559, 42 S.W.2d 736.

It is next insisted that the verdict of the jury was defective because it did not fix appellants' punishment as required by the Criminal Code of Practice, § 258. The verdict reads:

"We the jury find Earl Underhill and W. C. Underhill guilty and recommend the minimum sentence of 21 years."

The appellants were indicted, tried and convicted under KRS 433.150. The terms of that statute provide punishment by confinement in prison for twenty-one years, or life or by death. Inasmuch as the minimum sentence was imposed upon the appellants, and since no objection was made to the form of the verdict prior to the discharge of the jury, we conclude that there was a waiver of a nonprejudicial error. Ex parte Mote, Ky., 275 S.W.2d 48; Blair v. Commonwealth, 181 Ky. 218, 204 S.W. 67; Gillum v. Commonwealth, Ky., 121 S.W. 445.

Appellants next assert that their substantial rights were prejudiced because the caption of the instructions incorrectly styled the case "Commonwealth v. Collins."

512 ■ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

However, the body of the instructions specifically refers to the appellants by their correct names. Hence, the jury was not misled in any particular, and the technical error appearing in the caption of the instructions does not authorize a reversal of the judgments. See, Criminal Code of Practice, § 340; Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

 Appellants' contention that the verdict was contrary to the evidence is predicated solely upon the presumption that Cirt Collins and George Collins committed perjury while testifying against the appellants, and that the jury convicted appellants because of their sympathy for the prosecuting witness, Ernest Bailey. Such charges are purely conjectural and unwarranted by the record; hence, they deserve no further consideration.

Judgments affirmed.