# Staunton

W. Frank Smyth, Jr., Superintendent, Etc. v. Linwood Bunch.

September 2, 1960.

Record No. 5118.

Present, Eggleston, C. J., and Spratley, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Reno S. Harp, III, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General; Thomas M. Miller, Assistant Attorney General*, on brief), for the plaintiff in error.

*T. Warren Messick* and *Harvey S. Lutins*, for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

■ This case is before us on a writ of error and *supersedeas* granted W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, to an order of the Hustings Court of the City of Richmond, Part II, in a *habeas corpus* proceeding wherein the court adjudged to be void the final judgment order of conviction of the Corporation Court of the City of Newport News entered on January 5, 1959, imposing a death sentence upon Linwood Bunch, hereinafter sometimes referred to as petitioner, on a jury verdict of guilty to a charge of rape.

The material proceedings in the Corporation Court of the City of Newport News, on which the court below held the verdict of the jury a nullity and the judgment entered thereon to be void, are as follows:

On December 9 and 10, 1958, petitioner, who was represented by two attorneys of his own choosing, was tried on a plea of "not guilty" to an indictment charging rape, and the jury returned the following verdict:

"We the jury find the defendant Linwood Bunch guilty as charged and recommend the penalty of death be imposed."

When the jury returned their verdict the trial judge inquired of counsel if there were any objection to the form of the verdict, to which one of counsel replied that there was none. The trial judge then asked if counsel desired to poll the jury, and upon receiving an affirmative answer the clerk asked each juror, "Is this your verdict," to which each replied, "Yes, sir." After the jury was discharged without objection, defense counsel moved to set aside the verdict of the jury on the ground that it was contrary to the law and the evidence, which motion was overruled.

On January 5, 1959, counsel again moved that the verdict of the jury be set aside on the same ground theretofore assigned, which motion was again overruled, and the court, after inquiring of Bunch if he had anything to say as to why he should not then be sentenced in accordance with the verdict of the jury, sentenced him to death in the electric chair.

From this final order petitioner applied to this Court for a writ

of error and *supersedeas,* contending among other things that the verdict of the jury was contrary to the law and the evidence, but he did not question the form of the verdict. On March 11, 1959, after considering the petition and the record we denied the writ of error and *supersedeas. Linwood Bunch* v. *Commonwealth,* 200 Va. lxxi.

On June 18, 1959, Bunch filed a petition for a writ of *habeas corpus* in the court below, alleging for the first time that the verdict of the jury is a nullity and that the judgment entered thereon is void because the use of the word "recommend" in the verdict of the jury did not "fix" any punishment but merely recommended it and, therefore, the court was without jurisdiction to accept the recommendation of the jury.

After a hearing and argument of counsel on the writ of *habeas corpus ad subjiciendum* awarded Bunch upon the filing of his petition, the court below in a written opinion held that the use of the word "recommend" in the verdict of the jury did not *fix* any punishment; that the verdict was a nullity, and that the judgment entered thereon was void.

Section 19-267, Code of Virginia, provides as follows:

"The punishment in all criminal cases tried by a jury shall be *ascertained* by the jury trying the same within the limits prescribed by law." (Italics supplied.)

Under the provisions of the statute it is the duty of the jury to ascertain and make clear to the court, the defendant, and counsel their intention relative to the punishment to enable the court to impose sentence in its final judgment order. While in Virginia the word "fix" has been traditionally used by trial courts in instructions to juries, which was done in the case at bar, and in verdicts ascertaining punishment, the specific word "fix" is not found in, nor its employment required by, the statute.

Strict technical form is not required in a verdict, and this Court will go far in disregarding immaterial defects in verdicts which have been accepted by trial courts, if, notwithstanding such defects, the real finding of the jury may be determined. It is always necessary, however, before a judgment can be entered upon a verdict, that it appear with reasonable certainty what the jury found or intended to find. *Willoughby* v. *Smyth,* 194 Va. 267, 271, 72 S. E. 2d 636, 639; *Williams* v. *Commonwealth,* 153 Va. 987, 994, 151 S. E. 151, 153; *Mawyer* v. *Commonwealth,* 140 Va. 566, 570, 125 S. E. 317, 319.

So far as we have been able to find, the exact question now before

us has not heretofore been before this Court. But courts in other jurisdictions have dealt with the matter in *habeas corpus* proceedings and in direct appeals.

The punishment ascertained by juries must be in conformity with the applicable statutes; but mere inaccuracies or informalities in ascertaining or assessing the punishment will not vitiate the verdict if it is clear and intelligible as to the punishment intended. 23 C. J. S., Criminal Law, § 1408(c), p. 1105; *Ex Parte Mote* (1955 Ky.), 275 S. W. 2d 48 *(habeas corpus)*; *Smith* v. *State*, 157 Tex. Cr. R. 399, 248 S. W. 2d 937 (direct appeal); *Sillemon* v. *State*, 160 Tex. Cr. R. 350, 269 S. W. 2d 382 (direct appeal); *Salter* v. *State*, 74 Ga. App. 608, 40 S. E. 2d 586 (direct appeal). See also 36 Words and Phrases, Recommend, 1960 Cum. Supp. pocket part, p. 123.

In *Ex Parte Mote, supra,* the Kentucky statute provided that the jury "fix" the punishment and the verdict of the jury read:

"We, the jury, find the defendants * * * guilty as charged in instruction No. 1 and *recommend* full penalty of one year in jail * * *." (Italics supplied.)

It was argued (275 S. W. 2d at p. 49) that the judgment was void because of the use of the word "recommend" instead of "fix" in the verdict, which point was raised for the first time in the *habeas corpus* proceeding. In disposing of this argument, the court held that the verdict was sufficiently definite to express the decision of the jury so as to enable the court to intelligently render a judgment thereon.

In *Smith* v. *State, supra,* the Texas statute made it mandatory for the jury to "assess" punishment, and the court said (248 S. W. 2d at p. 938):

"The question for our determination, then, is * * *: Does the word, 'recommend,' as used in the verdict, have the same meaning as the word 'assess,' as used in the statute?

\*　　\*　　\*　　\*　　\*　　\*　　\*

"In *Lewis* v. *State*, 51 Ala. 1 (a murder case), the verdict was to 'recommend' punishment of twenty years. It was there contended that the word, 'recommend,' did not sufficiently declare the exercise of discretion by the jury in fixing the period of imprisonment in the penitentiary. In disposing of the question adversely to that contention, the Supreme Court of Alabama said:

" 'It is true that this is not possibly the most apt word that could

have been used in such a case. But it certainly fixes the time of imprisonment with sufficient clearness to enable the court to carry the verdict into effect by its judgment. This is enough. The court will construe the language used in reference to the purpose necessarily intended.'

"We are unwilling to give a strict construction to the words, 'assess' and 'recommend,' as used in the case before us, but rather, will construe the word, 'recommend,' as did the Alabama court, in the sense that assessment of punishment was intended by the jury."

In *Salter v. State, supra,* the defendant was indicted and tried for murder and the jury returned the following verdict:

"We, the jury, find the defendant guilty of voluntary manslaughter and *recommend* that he serve 2 yrs. minimum, maximum 5 yrs. * * *." (Italics supplied.)

Pursuant to this verdict the judge sentenced the defendant to serve from two to five years. The defendant contended that the verdict as written did not prescribe or fix the punishment, but merely recommended it. On appeal, the court held (40 S. E. 2d at p. 587) that the judgment was not void because the verdict used the word "recommend," instead of the word "fix" in accordance with the charge of the judge, or the word "prescribe" as used in the statute; that the failure to use the word "fix" or "prescribe" instead of "recommend" was merely an irregularity which was not harmful, since the verdict was in substantial compliance with the statute.

In *Underhill v. Commonwealth* (1956 Ky.), 289 S. W. 2d 509, a robbery case, the verdict read:

"We the jury find * * * guilty and *recommend* the minimum sentence of 21 years * * *." (Italics supplied.)

It was argued that the verdict was defective because it did not fix the appellant's punishment as required by the statute. The court held (289 S. W. 2d at p. 511) that the failure to object to the form of the verdict before the discharge of the jury constituted a waiver of a non-prejudicial error.

The record of the proceedings in the Corporation Court of the City of Newport News shows that the jury were instructed by the court that if they found Bunch guilty to "fix" his punishment, and they should have employed the word "fix" or one synonymous therewith in wording their verdict. But their failure to do so, using the word "recommend" instead of "fix," was a mere irregularity which was amendable before the jury was discharged, and would

no doubt have been amended if the court's attention had been called to it. (*Carpenter* v. *Commonwealth*, 193 Va. 851, 856, 857, 859, 71 S. E. 2d 377, 379, 380, 381.) Counsel stated that he had no objection to the form of the verdict and requested a polling of the jury, at the court's suggestion. The verdict of the jury was clear and intelligible enough, as to the punishment ascertained and intended, for the court to enter its judgment on the verdict, and Bunch and his counsel raised no question as to its meaning or validity even though there was almost a month for reflection between the date of the verdict and the pronouncement of judgment. Indeed, the question of the validity of the verdict and the judgment entered thereon was not raised until after this Court had denied a petition for a writ of error. While it is true that the verdict is not in the language usually employed, it clearly shows that the jury ascertained and found the death penalty should be imposed on the petitioner. A verdict is to be reasonably construed and in such manner as to give it the meaning intended by the jury, and should be declared void for uncertainty only when its meaning cannot be reasonably determined. The verdict was in substantial compliance with Code § 19-267 and its form was not prejudicial to the petitioner. We hold that the judgment entered on the verdict is not void.

In no event can *habeas corpus* be maintained. Under well settled principles, the office of *habeas corpus* is not to review errors committed in the trial, but is a collateral attack on a judgment and raises the sole question of whether the judgment is void under which the petitioner is confined. *Hobson* v. *Youell*, 177 Va. 906, 916, 15 S. E. 2d 76, 80; 25 Am. Jur., Habeas Corpus, § 13, pp. 151-152.

We have said many times that *habeas corpus* will not lie to review mere irregularities, errors or defects in orders or judgments since the law provides a remedy by appeal or writ of error to obtain their correction *Hobson* v. *Youell, supra*, (177 Va. at p. 916, 15 S. E. 2d at p. 80); *Hanson* v. *Smyth*, 183 Va. 384, 392, 32 S. E. 2d 142, 145; *Smyth* v. *Morrison*, 200 Va. 728, 732, 107 S. E. 2d 430, 433. "The same rule applies to immaterial defects and irregularities in verdicts." *Willoughby* v. *Smyth, supra*, (194 Va. at p. 272, 72 S. E. 2d at p. 639.)

The petitioner is in effect attempting to substitute *habeas corpus* for another petition for writ of error, which is barred under the statute by the passage of time.

*Habeas corpus* is not to be substituted for a writ of error or an

appeal and will not lie to attack a judgment of conviction which is merely voidable by reason of error of law or of fact, omissions or other irregularities. *Harmon* v. *Smyth*, 183 Va. 414, 418, 32 S. E. 2d 665, 667; *Willoughby* v. *Smyth, supra; Royster* v. *Smith*, 195 Va. 228, 232, 77 S. E. 2d 855, 857.

For the reasons stated, the judgment complained of is reversed and the petition dismissed.

*Reversed and final judgment.*