JOSEPH GARCIA v. STATE

No. 32,264. November 2, 1960

Motion for Rehearing Overruled December 14, 1960

*Clyde W. Woody,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Morgan Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of heroin; the punishment, five years.

The testimony of the state shows that officers Hightower and Chavez, with other officers, went to the home of the appellant and there informed appellant that they had a search warrant for his residence which was handed to him. A search of the appellant and his residence resulted in the finding of a cellophane paper containing a white powder substance in the pocket of appellant's trousers, and in the bath room between the shower stall and the wall they found four spoons, two of them were burned on the bottom and one contained a residue and a small piece of cotton, and two boxes of No. 5 Gelatin Capsules.

Proof was offered that the cellophane paper found in appellant's pocket contained 1.7 milligrams of heroin.

Appellant did not testify, and called only his daughter who testified in the absence of the jury in order to perfect a bill of exception.

Appellant contends that the search was illegal because the affidavit for the search warrant was insufficient.

The affidavit, after sufficiently describing the house and its

location, states that the house is used and occupied by an unknown Mexican male and an unknown Mexican female, and another person or persons unknown to the affiant by name, description, or identity; and that the affiants have reason to believe and do believe that they unlawfully possess narcotic drugs for the purpose of sale. It further recites that they have received reliable information from a credible person that heroin, marihuana, barbiturates, and amphetamine and narcotic paraphernalia are kept therein for use and sale.

If amphetamine was not contraband at the time of the search as appellant contends ,its inclusion among other contraband named in the affidavit would not invalidate the affidavit. It is concluded that the affidavit is sufficient to authorize the issuance of the search warrant. Criffey v. State, 168 Tex. Cr. Rep. 338, 327 S.W. 2d 585.

The state's testimony concerning four spoons, two of which were burned and one which contained a residue and a small piece of cotton and some gelatin capsules, shows no error as they were found during the search of appellant's residence. Aaron v. State, 163 Tex. Cr. Rep. 635, 296 S.W. 2d 264. Appellant's complaint of the admission of Officer Hightower's opinion that the spoons "were used for the purpose of cooking and preparing heroin to be taken into a syringe" over his objection that "This is in no way connected with this defendant for anything at all * * ' ", does not show error.

It is contended that the verdict of the jury which reads: "We the jury find Joseph Garcia Guilty Recommend Sentence 5 years in state pentintary, J. M. Houseman Foreman", is insufficient to support a judgment because it uses the words "Recommend sentence" instead of the words "Assess his punishment".

An examination of the charge shows that no issue of the suspension of the sentence was submitted to the jury. From the record and the language employed, the verdict is not subject to any construction other than the jury assessed his punishment at confinement in the penitentiary for five years. Smith v. State, 157 Tex. Cr. Rep. 399, 248 S.W. 2d 937; Sillemon v. State, 160 Tex. Cr. Rep. 349, 269 S.W. 2d 382.

The judgment is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In our original opinion we failed to set forth fully the testimony of toxicologist Crawford. In addition to stating that he found 1.7 milligrams of heroin in the cellophane, he stated that such quantity "would be approximately one capsule of two or two and a half per cent of pure heroin which is usable for a narcotic addict." This is the evidence which distinguishes this case from Greer v. State, 163 Tex. Cr. Rep. 377, 292 S.W. 2d 122, and Pelham v. State, 164 Tex. Cr. Rep. 226, 298 S. W. 2d 171, relied upon by appellant.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.