Iona Star DOBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 35151.

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

Jacko Hargrove, Houston, for appellant.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and David Ball, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of heroin with two prior felony convictions alleged for enhancement; the punishment, life imprisonment.

Officers Strickland and Gifford, accompanied by three other officers, went to the home of the appellant to execute a search

warrant. When they arrived the appellant was driving an automobile from the driveway. Officer Strickland identified himself as a police officer, informed the appellant that he had a search warrant for her house, and asked her to step out of the car which she did. After Officer Strickland obtained appellant's purse which she was carrying he searched it and in an inside pocket of the purse he found a cellophane packet containing one capsule of white powder and two pieces of a white tablet. Then the officers, with the appellant, entered the house in which she had told them she lived. Officer Gifford testified that on a search of the house he found in the bath room an eye dropper, two needles, a bloody handkerchief and a clear piece of cellophane paper with traces of white powder on it.

A chemist testified that he made an analysis of the white powder in the capsule in the cellophane packet and determined that it contained one grain of heroin, and an analysis of the two pieces of tablet showed they contained dolaphane.

Proof was offered of the prior convictions alleged and that the appellant was the same person so convicted.

Testifying in her own behalf, the appellant denied any knowledge of heroin being in her purse or of a paraphernalia in her house. She testified that Officer Strickland pulled her out of the car, jerked her purse out of her hand, and while searching the purse removed a cellophane container and said to her: "Here is your ticket back to Goree." She further testified that Officer Strickland put the heroin in her purse as far as she was concerned, and that she assumed he put it in there. She admitted that she had the two pieces of white tablet in her purse, which she said she had been taking for her nerves.

The appellant while testifying admitted that she was the same person who had been convicted of the prior offenses as alleged for enhancement.

Error is urged in the refusal of appellant's motion for a change of venue. She alleges that there existed a dangerous combination of influential persons against her who had periodically released to news media statements about the appellant which were regularly published, and that such publicity had deprived her of a fair and impartial trial in Harris County.

The affidavit of the compurgators attached to the motion refers only to the prejudice existing but they do not support the allegations that a dangerous combination exists

■ The evidence adduced on the motion for a change of venue is not before this court in a separate statement of facts separately filed, as required by Art. 759a, Sec. 6, Vernon's Ann.C.C.P., therefore it cannot be considered. Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523.

■ Appellant contends that because of her illegal arrest and the invalidity of the search warrant, the search of her purse and the house, the seizure of the articles therein and their admission in evidence was error.

The validity of the search warrant is attacked on the ground that it is vague and indefinite in that it does not name any particular person but recites that they are unknown, and includes all out buildings and motor vehicles.

In Garcia v. State, 170 Tex.Cr.R. 328, 340 S.W.2d 803, the insufficiency of the affidavit for the warrant was attacked on substantially the same grounds as the warrant in this cause and it was held to be sufficient. The holding in Garcia is here applicable and controlling and it is concluded that the search warrant is valid. The search warrant and the warrant of arrest therein authorized the arrest of the appellant who was in possession of the premises described. The arrest being lawful the

search of the appellant's person incident thereto was legal. Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837; Fletcher v. State, 171 Tex.Cr.R. 74, 344 S.W.2d 683.

The other complaints presented are the refusal of a requested instruction to find the appellant not guilty if she was arrested on this charge away from her house; and the jury argument of the state that they could not believe her testimony denying the possession of the heroin, and that the only reason she could have for its possession would be for the purpose of sale or use. These contentions under the record show no error.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.